## THE CHARLES K. SCHULL.

(District Court, E. D. Pennsylvania. January 8, 1909.)

### No. 27.

1. SEAMEN (§ 34*)—OFFENSES—"DESERTION"—INTENT.

   Where a seaman left a vessel by permission, got drunk, was arrested and imprisoned for 20 days, which prevented his return to his home port with the vessel, but there was nothing to indicate that he had an intention, when he went ashore, not to return, he was not guilty of desertion, which is the unlawful and willful abandonment of a vessel during a voyage with an intention not to return to duty, a quitting of the ship and her service, not only without leave and against the duty of the party, but with an intent not to return.

   [Ed. Note.—For other cases, see Seamen, Cent. Dig. § 225; Dec. Dig. § 34.*

   For other definitions, see Words and Phrases, vol. 3, p. 2024.]

2. SEAMEN (§ 21*)—WAGES—FINES—DESERTION.

   Where a seaman was guilty of misconduct in leaving a vessel without permission and in refusing to work the cargo as he agreed in his shipping articles, and such offenses and fines therefor were duly entered in the logbook against him as required by Rev. St. § 4596, as amended by Act Dec. 21, 1898, c. 28, § 19, 30 Stat. 760 (U. S. Comp. St. 1901, p. 3113), such fines might be properly deducted from his pay.

   [Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 104–107; Dec. Dig. § 21.*]

3. SEAMEN (§ 21*)—WAGES—FORFEITURES—ABSENCE FROM SHIP—DAMAGES.

   Where libelant and two of his shipmates failed to return to the ship after leave, in accordance with their duty, and the captain was required to spend $12 in excess of what it would have cost him if libelant and his mates had returned, libelant was chargeable in an action for wages for one-third of such sum.

   [Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 100–107; Dec. Dig. § 21.*]

4. SEAMEN (§ 26*)—ACTION FOR WAGES—COSTS.

   Where libelant, a seaman, was left in an intermediate port because incarcerated for drunkenness during shore leave, and on his return to the home port, without calling on the captain for his wages, he instituted suit in forma pauperis and then demanded his wages of the captain, libelant should not be permitted to recover costs though the ship's defense of desertion failed.

   [Ed. Note.—For other cases, see Seamen, Dec. Dig. § 26.*]

In Admiralty.

William White, Jr., for libelant.

HOLLAND, District Judge. This suit in admiralty was brought by John Williams to recover wages alleged to be due him as a seaman on board the Charles K. Schull, at the rate of $30 per month, from April

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

28 to July 4, 1906. The libelant claims to have earned $66. He acknowledges a credit to the sum of $7.94 and a fine of $3, leaving a balance claimed to be due him of $55.06. Williams signed shipping articles for a voyage from Philadelphia to Cuba, beginning on April 28th, for a period not exceeding four months, at $30 per month. He had been a rather unruly, bad-tempered seaman, persisted in leaving the vessel without permission, and refused to work the cargo as he had agreed in his shipping articles. He was fined, and an entry made thereof in the logbook as required by law. On the return from Fernandino, Fla., on July 3d, Williams left the vessel with permission of the captain, visited a house where liquors were sold, and became intoxicated, and while quarreling with one of his shipmates on the street was arrested for disorderly conduct, taken before a justice of the peace, where he was found guilty of disorderly conduct, which resulted in his imprisonment for 20 days. About six days prior to the expiration of his term, the vessel left and returned to Philadelphia. Williams, after being discharged by the justice of the peace, shipped on another vessel to Philadelphia, for which voyage he received $15, and upon arriving here, without going to the captain of the Schull to ask for the wages due and to receive a settlement, he employed a lawyer, brought suit, and then went to the captain and asked that he be paid, when he was told by the latter that "as he had started to fight they would fight it out."

The defense is (1) that Williams, under the facts and circumstances of this case, is a deserter, and under the law forfeits all the wages due; (2) but if not a deserter, he is liable for fines entered in the logbook against him, and for the damages, because of his absence, to which the vessel was subjected in securing seamen to supply his place.

On the return voyage from Fernandino, Fla., to Philadelphia, Williams had permission to leave the vessel on the 3d day of July, and there is no evidence in the case to show that when he did go ashore he had any intention of not returning. It is necessary to establish an intention on the part of Williams to not return to the vessel before he can be held guilty of desertion.

It is held, as urged by the respondent, that drunkenness is no excuse for desertion, which is undoubtedly true, but it is first necessary to prove facts sufficient to establish the offense of desertion, and, when once established, it will not be excused because of drunkenness; but where a party leaves a vessel by permission, with no intention whatever of deserting the vessel, but simply goes ashore for either pleasure or business, and becomes intoxicated and disorderly, and is arrested, and as a result is unable to return, the mere fact that he got drunk does not establish the offense of desertion. Desertion is an unlawful and willful abandonment of a vessel during a voyage without an intention of returning to duty, a quitting of the ship and her service, not only without leave and against the duty of the party, but with an intention not again to return to the ship. 14 Cyc. 227; Coffin v. Jenkins, Fed. Cas. No. 2,948; The Union, Fed. Cas. No. 14,347; Olsen v. Schooner (D. C.) 6 Fed. 314; Welcome v. Yosemite (D. C.) 18 Fed. 386; Lizzie M. Dun (D. C.) 30 Fed. 927; McCarron v. Dominion Atlantic Railroad Co. (D. C.) 134 Fed. 762.

While we are of opinion that Williams is not guilty of desertion, yet the evidence establishes that he was guilty of offenses, which were duly entered in the logbook against him, for which he should be penalized under Rev. St. § 4596, as amended by Act Dec. 21, 1898, c. 28, § 19, 30 Stat. 760 (U. S. Comp. St. 1901, p. 3113). This amendment makes this section applicable to coastwise trade, and Williams having violated its provisions, and these violations duly entered in the logbook, as required, the amount should be deducted from the wages due him. The logbook shows disobedience and refusal to obey orders upon three different occasions, and he is subject to a fine of two days' pay for each of the refusals to obey, making $6.

The evidence establishes that the captain was required to expend the sum of $12 in excess of what it would have cost if Williams and his shipmates had returned as it was their duty to do. As three men had left, Williams would be responsible for one-third of this extra cost, so that the settlement with libelant should be as follows:

| | | |
|---|---:|---:|
| Wages April 28 to July 3, 1906, at $30 per month | | $66 00 |
| Less amount received on account | $7 94 | |
| Less fines | 6 00 | |
| Less damage to vessel for failure to return | 4 00 | 17 94 |
| Leaving a balance due libelant of | | $48 06 |

The libelant acted badly throughout the voyage, and, after getting into trouble through drunkenness and failing to appear and perform his duty on the return voyage, he continued to act in a way which showed his entire indifference to the rights of others. After being so much at fault in his failure to return to the vessel, he, upon landing in Philadelphia, instead of calling on the captain to receive the wages due him, proceeds to the office of a lawyer and institutes this suit in forma pauperis, and then calls upon the captain and asks for his wages. Under the circumstances we do not think that it would be just to subject the vessel to the payment of the cost of this proceeding, notwithstanding the fact that the defense of desertion has failed.

A decree will be entered in favor of the libelant for $48.06, without costs.